IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **STUART HIGGINBOTHAM**<br>783 Windrow Way<br>Magnolia, Delaware 19962<br><br>*Plaintiff*<br><br>v.<br><br>**CORPORAL J. BRAUER (P1494)**<br>Anne Arundel County Police Department<br>Southern Platoon 1<br>35 Stephneys Lane<br>Edgewater, Maryland 21037<br><br>*Defendant* | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*    Civil Action No. |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND DEMAND FOR JURY TRIAL
FOR MONETARY DAMAGES FOR VIOLATION OF
PLAINTIFF'S CIVIL RIGHTS**

NOW COMES Plaintiff, Stuart Higginbotham, by and through his undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendant, Anne Arundel County Police Officer Corporal J. Bauer (Identification Number P1494) and as reasons states as follows:

**Introduction**

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Anne Arundel County Police Officer Bauer in his individual and official capacity.

2. It is alleged that herein that Defendant Bauer made an unreasonable seizure of the person of Plaintiff Higginbotham on May 14, 2015, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of

Rights. It is further alleged that Defendant Bauer employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

4. Venue is proper under 28 U.S.C. § 1391 as the causes of action set forth in this Complaint concern events that occurred in Anne Arundel County, Maryland.

5. On or about July 19, 2016, Plaintiff Higginbotham acted in a *pro se* capacity and provided notice of his claims in this action to the Anne Arundel County Office of Law in a manner that substantially complied with Maryland's Local Government Tort Claims Act. On July 28, 2016, Senior Assistant County Attorney Jay H. Creech responded by correspondence in which he indicated that a copy of Plaintiff's "notice of claim ha[d] been forwarded to the Risk Management Division of the Anne Arundel County Office of Central Services" and that "[a]n investigation [would] be conducted…." On August 16, 2016, Anne Arundel County Claims Adjuster Ronald C. Brigerman, Jr. advised Plaintiff Higginbotham that the investigation concerning his claim (Claim No. 16-1404) had been completed, and further indicated that the Anne Arundel County was denying liability.

## Parties

6. Plaintiff Stuart Higginbotham is a citizen of the State of Delaware residing at 783 Windrow Way, Magnolia, Delaware, 19962.

7. At all times relevant to the instant complaint, Defendant Bauer was acting as an authorized agent, servant, and/or employee of the Anne Arundel County Police Department working out of Southern Platoon 1. At all times relevant to this Complaint, Defendant Bauer was

acting within the scope and course of employment as a member of the Anne Arundel County Police Department and under the color of state law. He is sued in this case both independently and in his official capacity.

### Facts

8. On or about May 14, 2015, Plaintiff Higginbotham was working as a Field Service Engineer on a project that required him to be near Westfield Annapolis Mall, 2002 Annapolis Mall, Annapolis, Maryland 21401.

9. Plaintiff Higginbotham entered the mall premises to purchase lunch and was at all times relevant to this action a business invitee of Westfield Annapolis Mall. Following his lunch break, at approximately 2:50 pm, Plaintiff Higginbotham was walking through the mall facility.

10. Unbeknownst to Plaintiff Higginbotham, individuals named Calik Smith (then 18-year-old male) and Morgan Branch (then 18-year-old female) had been in some type of altercation. Plaintiff Higginbotham happened upon the incident scene at the point in time when mall security, with the assistance of Defendant Bauer and additional members of the Anne Arundel County Police Department, were engaging Smith and Branch.

11. Plaintiff Higginbotham did not know and was not otherwise affiliated with any member of mall security, Defendant Bauer, other members of the Anne Arundel County Police Department who were present at the scene, Smith and/or Branch.

12. Plaintiff Higginbotham was not a party to any interaction between Smith and Branch, was not involved in mall security's intervention in the Smith/Branch happening and was not the subject of the call for police response to Westfield Annapolis Mall.

13. When Plaintiff Higginbotham was walking past the scene of the happening, he observed Branch who appeared to look distraught. Plaintiff Higginbotham further observed mall security

pulling at Branch, and then witnessed Defendant Bauer physically grab Branch, place Branch in a choke hold, and then forcibly propel Branch to the ground. Because Branch was oriented with her face toward the ground and unable to extend her arms to protect her head and torso, her face violently contacted the mall floor.

14. Plaintiff Higginbotham commented to Defendant Bauer that the force directed at Branch was excessive. Defendant Bauer responded by yelling at Plaintiff Higginbotham to "shut the fuck up." Plaintiff Higginbotham and Defendant Bauer were not in close proximity at the time of these communications. Although Plaintiff Higginbotham voiced his initial objection to the events that he had witnessed, he did not in any way interfere with Defendant Bauer's detention of Branch.

15. Defendant Bauer nevertheless approached Plaintiff Higginbotham and called him "ignorant." Defendant Bauer then physically engaged Plaintiff Higginbotham by striking him and the propelling him to the ground. Once Plaintiff Higginbotham was prostrate on the floor surface, Defendant Bauer pushed his knee into Plaintiff Higginbotham's back and forcibly manipulated Plaintiff Higginbotham's arms. Plaintiff Higginbotham was subsequently placed in handcuffs.

16. As a direct proximate result of the above described events, Plaintiff Higginbotham suffered serious and permanent physical injuries including, but not limited to, a right rotator cuff injury and nerve damage in his hands.

17. Plaintiff Higginbotham did not commit any criminal offenses or act in a manner that was contrary to Maryland State law before or during the encounter with the Defendant Bauer.

18. At no time during the events described above, was Plaintiff Higginbotham a threat to his own safety, the safety of mall security personnel and/or Anne Arundel County Police Officers

responding to the scene, or the safety of any other person present in the Westfield Annapolis Mall.

19. Defendant Bauer was not in possession of a warrant authorizing the arrest of Plaintiff Higginbotham, acted without probable cause to support the arrest of Plaintiff Higginbotham, and otherwise had no legal basis or excuse to seize the person of Plaintiff Higginbotham.

20. Plaintiff Higginbotham did not physically resist or otherwise assault Defendant Bauer in any way, and the force directed against Plaintiff Higginbotham was unnecessary, unreasonable, and excessive.

21. Defendant Bauer placed Plaintiff Higginbotham under arrest and transported him to the Anne Arundel County Police Department Southern District for processing. At the station, Plaintiff Higginbotham indicated that he had been injured during the handcuffing procedure. Plaintiff was subsequently processed and charged with a single count of "Disorderly Conduct."

22. The criminal case styled *State of Maryland v. Stuart Lee Higginbotham*, District Court of Maryland for Anne Arundel County Case No.: 2A00291741, was initiated the same day.

23. Shortly after the above described incident, arrest and charging, Plaintiff Higginbotham attempted to initiate an Internal Affairs complaint against Defendant Bauer with the Anne Arundel County Police Department Professional Standards Section.

24. On or about November 11, 2015, Plaintiff Higginbotham acted in a *pro se* capacity and issued a subpoena, in *State v. Higginbotham*, Case No.: 2A00291741, directing the Westfield Annapolis Mall to produce any video surveillance depicting the above described incident. On November 23, 2015, Charles S. Hirsch, Esq., counsel for Westfield Annapolis Mall, directed a correspondence to Plaintiff Higginbotham stating, "the video tape [he] request[ed] in [his] Subpoena was turned over to the Anne Arundel County Police Department some months ago."

25. On or about July 19, 2016, Plaintiff Higginbotham submitted another written complaint to the Anne Arundel County Police Department Professional Standards Section. On October 3, 2016, Anne Arundel County Detective Erin Brandt sent Plaintiff Higginbotham department paperwork for a complaint of Excessive Force. The ensuing investigation was closed on about January 27, 2017 after Plaintiff Higginbotham's claims of excessive force were found to be "Sustained."

26. On April 17, 2017, Plaintiff Higginbotham appeared in the District Court of Maryland for Anne Arundel County. The matter of *State v. Higginbotham*, Case No.: 2A00291741 was dismissed.

27. In addition to the physical injuries described herein, Plaintiff Higginbotham suffered the following injuries and damages as a direct proximate result of Defendant Bauer's actions:

   a. Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

   c. Loss of his physical liberty;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, embarrassment, and mental anguish;

   f. Lost wages and loss of future earning potential; and

    g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate his injuries.

28. The actions of the Defendant Bauer violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Higginbotham:

    a. Freedom from the unreasonable seizure of his person; and

    b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

## Causes of Action

### COUNT I – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff Stuart Higginbotham v. Defendant Corporal J. Bauer)

29. Plaintiff Higginbotham hereby incorporates Paragraphs 1 through 28 as if fully restated herein.

30. At all times relevant to this Complaint, Plaintiff Higginbotham had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

31. At all times relevant herein, Defendant Bauer was acting under the color of State and local law and as a member of the Anne Arundel County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

32. Defendant Bauer's actions and omissions deprived Plaintiff Higginbotham of his clearly established and well-settled constitutional rights.

33. Defendant Bauer knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard.

34. Plaintiff Higginbotham claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Bauer for violation of his constitutional rights under color of law.

## COUNT II – BATTERY
**(Plaintiff Stuart Higginbotham v. Defendant Corporal J. Bauer)**

35. Plaintiff Higginbotham hereby incorporates Paragraphs 1 through 28 as if fully restated herein.

36. Defendant Bauer engaged in intentional acts of unlawful conduct with Plaintiff Higginbotham such that the Plaintiff sustained serious and permanent injuries.

37. Defendant Bauer directed unreasonable, unlawful, and excessive force against Plaintiff Higginbotham.

38. Plaintiff Higginbotham in no way consented to the described contact by Defendant Bauer; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Bauer to act as he did; and did nothing to contribute to the unlawful touching that Defendant Bauer inflicted upon him.

39. The conduct of Defendant Bauer was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

40. As a direct and proximate result of the assault perpetrated Defendant Bauer, Plaintiff Higginbotham sustained significant injuries, medical bills, and psychological damages.

## COUNT III-FALSE ARREST
**(Plaintiff Stuart Higginbotham v. Defendant Corporal J. Bauer)**

41. Plaintiff Higginbotham hereby incorporates Paragraphs 1 through 28 as if fully restated herein.

42. Defendant Bauer did not have any rational reason to believe that Plaintiff Higginbotham had engaged in any crime, resisted arrest, or committed an assault and was therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff. Plaintiff Higginbotham was nevertheless detained as described herein.

43. The false arrest perpetrated by Defendant Bauer was made without warrant and without probable cause to support a lawful arrest.

44. The conduct attributed to Defendant Bauer demonstrated ill will, improper motivation, and actual malice on the part of the Defendant.

45. As a direct consequence in result of the acts of Defendant Bauer described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

46. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT IV-FALSE IMPRISONMENT
**(Plaintiff Stuart Higginbotham v. Defendant Corporal J. Bauer)**

47. Plaintiff Higginbotham hereby incorporates Paragraphs 1 through 28 as if fully restated herein.

48. Defendant Bauer falsely imprisoned the Plaintiff throughout the course of events described herein.

49. The actions of Defendant Bauer caused Plaintiff Higginbotham to be unlawfully deprived of his liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

50. As a result of the unlawful conduct described herein, Plaintiff Higginbotham was detained against his will and sustained significant injuries and damages described herein.

51. The Defendant's actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

52. As a direct consequence in result of the acts of Defendant Corporal J. Bauer described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## **Demand for Damages**

WHEREFORE, Plaintiff Stuart Higginbotham hereby requests that this Honorable Court:

(A)  Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Anne Arundel County Police Corporal J. Bauer;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Anne Arundel County Police Corporal J. Bauer;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Stuart Higginbotham*

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____
Anton L. Iamele