IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **STUART HIGGINBOTHAM** | * |
| *Plaintiff* | * |
| v. | * |
| **CORPORAL J. BAUER (P1494)** | * |
| *Defendant* | * Civil Action No. 1:18-cv-01067-MJG |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS II, III, AND IV**

NOW COMES Plaintiff, Stuart Higginbotham, by and through his undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, who hereby opposes Defendant Jeffrey Bauer's Motion to Dismiss Counts, II, III, and IV of the controlling Complaint. Plaintiff maintains that the identified state causes of action should not be dismissed as (1) he has adequately stated his efforts constituting substantial compliance with Local Government Tort Claims Act's (hereinafter "LGTCA") notice provision within the controlling complaint; (2) good cause exists in this case to forgive his failure to strictly comply with the LGTCA's notice provision; and (3) Defendant Bauer has not averred or otherwise demonstrated any prejudice flowing from the time of notice in this case. Plaintiff states further:

I. **RELEVANT FACTUAL BACKGROUND**

The causes of action that Defendant Bauer seeks to dismiss stem from a May 14, 2015 police encounter, between the identified parties, at the Westfield Annapolis Mall. (Complaint, generally) The subject encounter resulted in the initiation of a criminal matter styled *State of Maryland v. Stuart Lee Higginbotham*, District Court of Maryland for Anne Arundel County Case No.: 2A00291741 (Complaint ¶ 22), as well as, an Internal Affairs Investigation conducted

by the Anne Arundel County Police Department. (Complaint ¶ 23) On July 19, 2016, Plaintiff Higginbotham (then acting in a *pro se* capacity) provided written notice to the Anne Arundel County Office of Law of the claims advanced in the instant suit. (Complaint ¶ 5) By way of the express averments within the Complaint, Plaintiff has conceded that this notice was not in strict compliance with the LGTCA's notice provision.[1] He has simultaneously averred, however, that his substantial compliance with the provision was sufficient to the prompt Anne Arundel County Claims Adjuster Ronald C. Bergman, Jr. to conduct and complete an investigation of the subject occurrence. (Complaint ¶ 5) The purpose of the LGTCA notice provision was thereby satisfied and he should thus be permitted to move forward with his state law claims.

## II. STANDARD OF REVIEW

Dismissal under Rule 12 is "merely a decision on the pleadings. For that reason, such motions are granted sparingly and with caution." *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) *rev'd* on other grounds, 425 U.S. 738, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (U.S.N.C. 1976). "Dismissal under Rule 12(b)(6) is appropriate only if a plaintiff fails to state a claim that is plausible on its face." *Owens v. Baltimore City State's Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the Plaintiff and accept those factual allegations as true. *Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F. 3d 213, 217-18 (4th Cir. 1994)).

## III. ARGUMENT

---

[1] As of May, 2015, MARYLAND ANNOTATED CODE, *Courts & Judicial Proceedings Article* § 5-304 required would be plaintiffs to provide notice of a claim for unliquidated damages "within 180 days after the injury." Effective October 1, 2015, MARYLAND ANNOTATED CODE, *Courts & Judicial Proceedings Article* § 5-304 required would be plaintiffs to provide notice of a claim for unliquidated damages "within 1 year after the injury." Plaintiff's notification was directed to the Anne Arundel County Law Department 1 year, 1 month and 14 days after his injury.

The Maryland General Assembly, in crafting the LGTCA, fashioned an "escape clause" whereby a Plaintiff who did not strictly comply with the notice requirement could nevertheless maintain his actions where there was no resulting prejudice to a defendant. *See Williams v. Maynard*, 359 Md. 379, 389 754 A.2d 379, 387 (2000). The notice requirement contained in *Courts & Judicial Proceedings Article* § 5-304(b) is expressly qualified by *Courts & Judicial Proceedings Article* § 5-304(d) which reads as follows:

> Notwithstanding the other provisions of this section, <u>unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice</u>, upon motion and for good cause shown <u>the court may entertain the suit even though the required notice was not given</u>.

Accordingly, this Honorable Court has the discretion to allow Plaintiff Higginbotham to proceed with the state law claims set forth in his Complaint.

Maryland's Court of Appeals has explained that the purpose of requiring notice within the LGTCA is:

> to protect the municipalities and counties of the State from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, *i.e.* while the evidence was still fresh and the recollection of the witnesses was undiminished by time, 'sufficient to ascertain the character and extent of the injury and its responsibility in connection with it.

*Williams v. Maynard*, 359 Md. 379, 89-90, 754 A.2d379, 385 (2000) (quoting *Jackson*, 233 Md. at 167, 195 A.2d at 695. "If the purpose of the statutes is fulfilled, the manner of the accomplishment has not generally been tested too technically. In such cases substantial compliance generally is held to be enough." *Grubbs v. Prince George's County*, 267 Md. 318,

321-22, 297 A.2d 754, 756 (1972) (quoting *Jackson v. Board of County Com'rs of Anne Arundel County*, 233 Md. 164, 168, 195 A.2d 693, 695 (1963)). In other words,

> [e]ven if a plaintiff does not strictly comply with the LGTCA notice requirement, a plaintiff substantially complies with the LGTCA notice requirement where: (1) the plaintiff makes "some effort to provide the requisite notice"; (2) the plaintiff does "in fact" give some kind of notice; (3) the notice "provides…requisite and timely notice of facts and circumstances giving rise to the claim"; and (4) the notice fulfills the LGTCA notice requirement's purpose, which is to apprise the local government of its possible liability at a time when the local government could conduct its own investigation, i.e., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient to ascertain the character and extent of the injury and the local government's responsibility in connection with it.

*Ellis v. Housing Authority of Baltimore City*, 436 Md. 331, 342-43, 82 A.3d 161, 167 (2013) (quoting *Faulk v. Ewing*, 371 Md. 284, 298-99, 808 A.2d 1262, 1272-73 (2002)) (citations and internal quotation marks omitted). In the instant case, where the purpose of the statute has essentially been fulfilled the questions to be decided are whether Plaintiff can show good cause for his delay and whether the Defendant can demonstrate any prejudice. *See Prince George's County v. Longtin*, 419 Md. 450, 467, 19 A.3d 859, 869 (2011)("[T]he burden is on the claimant first to show 'good cause.' Then if the local government cannot 'affirmatively show that its defense has been prejudiced by lack of required notice,' the court 'may' hear the case despite the faulty notice.")

"A Plaintiff shows good cause for his or her failure to comply with the LGTCA notice requirement where the plaintiff 'prosecute[s] his [or her] claim with th[e] degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances." *Ellis*, 436 Md. at 348, 82 A.3d at 171 (quoting Rios 386 Ms. 104, 141, 872 A.2d 1, 22 (2005)). The factors a court usually considers are:

> [1] excusable neglect or mistake (generally determined in reference to a reasonably prudent person standard), [2] serious physical or mental injury and/or location out-of-state, [3] the inability to retain counsel in cases involving complex litigation, ... [4] ignorance of the statutory notice requirement, or (5) misleading representations made by representative of the local government.

*Longtin*, 419 Md. at 469, 19 A.3d at 869. In *Heron v. Strader*, 361 Md. 258, 272, 761 A.2d 56, 63-64 (2000), Maryland's Court of Appeals noted further:

> Several other jurisdictions have sought to define good cause for late filings under public tort claims acts. While courts generally consider a combination of factors, circumstances that have been found to constitute good cause fit into several broad categories: excusable neglect or mistake (generally determined in reference to a reasonably prudent person standard; serious physical or mental injury and/or location out-of-state; the inability to retain counsel in cases involving complex litigation; and ignorance of the statutory notice requirement.

*Heron v. Strader*, 361 Md. 258, 272, 761 A.2d 56, 63-64 (2000) (internal citations omitted)

Plaintiff Higginbotham undertook reasonable efforts to substantially comply with the notice requirement given the circumstances. As indicated in the Complaint, Plaintiff Higginbotham is a citizen and resident of the State of Delaware. (Complaint ¶ 6), who was in the State of Maryland on the date of the subject occurrence for purposes of his employment. (Complaint ¶ 8) Plaintiff Higginbotham initially attempted to act without the assistance of counsel notwithstanding his out-of-state status; as noted in the Complaint, his primary efforts were initiated in a *pro se* capacity. (Complaint ¶¶ 5, 24, 25) The circumstances support a conclusion that good cause existed to justify the late submission of notice.

Within two weeks of the subject occurrence, Plaintiff Higginbotham undertook efforts to initiate an Internal Affairs complaint against Defendant Bauer with the Anne Arundel County Police Department Professional Standards Section. (Complaint ¶ 23; *See also* Attached Exhibit 1, August 23, 2016 Anne Arundel County Police Department Correspondence). The Anne

Arundel County Police Department was simultaneously gathering evidentiary materials that would be germane to any investigation of the subject occurrence. This is evidenced in the Complaint by reference to Plaintiff Higginbotham's subpoena, issued in a *pro se* capacity on or about November 11, 2015, in *State v. Higginbotham*, District Court of Maryland for Anne Arundel County Case Number 2A00291741. In response to the subpoena directing the Westfield Annapolis Mall to produce any video surveillance depicting the above described incident, its counsel responded by way of a correspondence to Plaintiff Higginbotham stating, "the video tape [he] request[ed] in [his] Subpoena was turned over to the Anne Arundel County Police Department some months ago." (Complaint ¶ 24; See also Attached Exhibit 2, November 23, 2015 correspondence by Charles S. Hirsch, Esq. of Ballard Spahr, LLP) Defendant has not offered any basis for this Honorable court to conclude that this referenced video tape no longer exists in the possession of Anne Arundel County or otherwise became unavailable for purposes of an investigation.

Moreover, the record supports a conclusion that any evidence necessary to fully investigate Plaintiff Higginbotham's state law claims was in existence at the time that he provided notice to the Anne Arundel County law department. At or about the time that Plaintiff issued notice to the department of law, he also reasserted his complaint to the Anne Arundel County Internal Affairs section. (Complaint ¶ 25; See also Attached Exhibit 3, July 27, 2016 Anne Arundel County Police Department Correspondence) The fact that Plaintiff Higginbotham's claims of excessive force claims were found to be "Sustained" when the ensuing investigation was concluded on or about January 27, 2017 (Complaint ¶ 25; see also Attached Exhibit 8, January 27, 2017 Anne Arundel County Police Department Correspondence), compels a conclusion that evidentiary materials necessary to investigate Plaintiff's state law claims

existed following the time of notice in this case. Defendant is accordingly without any legitimate basis to complain that he suffered prejudice stemming from the time of the notice.

To the contrary, the Anne Arundel County Department of Law has indicated a ready ability to fully investigate the subject occurrence after the time of Plaintiff's notice. As explained in the Complaint, Senior Assistant County Attorney Jay H. Creech indicated that Plaintiff's "notice of claim ha[d] been forwarded to the Risk Management Division of the Anne Arundel County Office of Central Services" and stated that an "[a]n investigation would be conducted." (Complaint ¶ 5; Attached Exhibit 4, July 28, 2016 Anne Arundel County Office of Law Correspondence) On August 16, 2016, Plaintiff Higginbotham received a letter from the Anne Arundel County Risk Management Division indicating that its investigation had been concluded and denying liability. (Complaint ¶ 5; Attached Exhibit 5, August 16, 2016 Anne Arundel County Risk Management Division Correspondence).

In this case, there is no basis to conclude that the timing of Plaintiff Higginbotham's notice either (1) impeded Anne Arundel County's ability to investigate the subject occurrence, or (2) has resulted in any prejudice to Defendant Bauer.  Defendant Bauer has not offered any showing of prejudice. Because Plaintiff Higginbotham substantially complied with eh LGTCA's notice provision, he should be permitted to proceed with his state law claims.

WHEREFORE, for the reasons stated, Plaintiff Stuart Higginbotham respectfully requests that Defendant Bauer's Motion to Dismiss Counts, II, III, and IV be denied, grant such further and additional relief as it deems to be just and appropriate.

Respectfully submitted,

_____-s_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
aiamele@iamelelaw.com
Telephone: 410-779-6160
Facsimile: 410-779-6161
*Counsel for Plaintiff Robin Ann Burkhart*

## HEARING REQUEST

Plaintiff requests that a hearing be held concerning this Opposition to Dismiss and Motion for Good Cause Shown.

_____-s-_____
Anton L. Iamele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **1st** day of **June, 2018**, a copy of the foregoing was transmitted by way of this Court's electronic filing system and sent by first-class, postage prepaid mail, to the following:

Philip E. Culpepper, Esquire
Senior Assistant County Attorney
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor
Annapolis, MD 21401

_____-s-_____
Anton L. Iamele